BARNETTE, Judge.
This is a suit for an alleged balance due on a building contract. The plaintiff, Lambert G. Durel, a subcontractor in carpentry, brought suit against the prime contractor, Oak Builders, Inc., on an oral contract for $5,989.50 to furnish the labor in carpentry in the construction of a home for Richard M. Darling. He alleged a balance due and unpaid on the contract of $189.50 and $733.-48 for certain extras, for a total of $922.98. He asserts a lien against the property and made the owner, Darling, and Continental Insurance Company, who executed a lien release bond, defendants. He seeks judgment against Oak Builders, Darling, and Continental, in solido.
Oak Builders assumed the position of plaintiff in reconvention and prayed for judgment against Durel in reconvention in the amount of $3,283.88.
The trial court rendered judgment in favor of plaintiff against all defendants, in solido, for $326.68 with interest and costs. The petition of Oak Builders in reconvention was dismissed. All defendants have appealed suspensively. The plaintiff neither appealed nor answered the appeal in this court to seek an increase of the judgment in his favor.
The oral contract between Oak Builders, the prime contractor, and Durel, the subcontractor, in the amount of $5,989.50 is not disputed. Payments by Oak Builders to Durel aggregating $5,800, leaving a balance due on the contract of $189.50, is not disputed. The items in dispute are certain extras which, Durel alleges total $733.48 and certain alleged expenses which Oak Builders in reconvention claims were incurred in completing certain aspects of the carpentry left unfinished by Durel and for correction of certain work alleged to have been done below the standard of acceptance. The issues present only questions of fact.
We do not have the benefit of reasons for judgment by the trial judge, and we have had some difficulty in determining how he arrived at the judgment in the amount of $326.68. Counsel for plaintiff says in his brief: “This sum was apparently arrived at by adding $189.50, the sum still due on the original contract, and $137.-18, the amount Mr. [John S.] Morvant [president and owner of Oak Builders] admitted owing for extras, making a total of $326.68.” Counsel for Oak Builders, however, acknowledges in his brief that Oak Builders owes plaintiff the $189.50 balance on contract and certain extras which brings the amount to $204.43, plus taxes and insurance, making the total of $255.09 for extras. He then contends that this balance is more than offset by expenses incurred to complete and correct Durel’s carpentry, amounting to $3,010.16, plus $600 in demurrage expense chargeable to the delay caused by Durel. He contends the balance of $3,165.57 is due Oak Builders in recon-vention.
Since the plaintiff has not appealed the judgment to seek an increase, he is bound by the judgment in his favor, which apparently allowed, as his counsel has assumed, $189.50 balance on the contract and $137.18 for extras. We must assume that the trial judge made no allowance for offset of any item of expense claimed in reconvention since the judgment expressly dismisses the reconventional demand without qualification.
*905 In addition to the testimony of plaintiff on his own behalf and of Morvant for defendant, we have the testimony of the architect, Eldon C. Heck; Darling, the owner; three carpenters; and plaintiff’s attorney. The testimony is conflicting and confusing in that it goes into considerable detail as to the hours of labor of the several workmen and numerous minor items, as well as some major ones. Whether or not some of the alleged defects in plaintiff’s work existed and if so whether they are chargeable to poor workmanship is largely a matter of opinion among the witnesses.
As pointed out above, defendant acknowledges certain extras for which payment to plaintiff has not been made, even in an amount above that recognized by the trial court. The issues in dispute therefore involve only the items of expense claimed by defendant as plaintiff in reconvention.
 Having assumed the position of plaintiff in reconvention, Oak Builders carries the burden of proof which must be discharged by a clear preponderance of the evidence. The trial court has held that the reconvenor has failed to carry this burden. This is a decision of fact which in the absence of manifest error will not be overturned. These principles of law are so well established in our jurisprudence that citations of authority are unnecessary.
We have carefully considered all testimony and the exhibits filed in evidence, as well as the pleadings and briefs of counsel, and find no error in the judgment of the trial court in plaintiff’s favor. We would have had some difficulty in determining the exact amount of extras for which plaintiff is entitled to recovery, but since defendant acknowledges extras in excess of that allowed, which plaintiff by not appealing has accepted, it is not necessary that we give further consideration to them.
For these reasons the judgment in favor of plaintiff, Lambert G. Durel, against the defendants Oak Builders, Inc., Richard M. Darling and Continental Insurance Company, in solido, in the sum of $326.68 with legal interest from judicial demand and dismissing the reconventional demand of Oak Builders, Inc., plaintiff in reconvention, is affirmed at .appellants’ cost.
Affirmed.